UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Mary Mace, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Why Not Lease It, LLC *AKA* Tempoe LLC,<br><br>Defendant. | Civil Action No.: _____<br><br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>August 19, 2016 |

For this Class Action Complaint, Plaintiff, Mary Mace, by and through her undersigned counsel, pleading on her own behalf and on behalf of others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Mary Mace ("Plaintiff"), brings this class action for damages, injunctive relief, and declaratory relief from the illegal actions of Why Not Lease It, LLC *AKA* Tempoe LLC ("Defendant"). Defendant repeatedly placed calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Defendant assists department stores nationwide by offering lease terms for furniture, electronics, and appliances consumers use as part of everyday life.

3. Defendant placed unsolicited telephone calls marketing its services to consumers nationwide, who had not provided Defendant their cellular telephone numbers, or prior express consent to call their cellular telephones.

4. Plaintiff is one of many consumers who received unsolicited calls. She began receiving calls on her cellular telephone, despite never providing Defendant her phone number, or prior express consent required by the FCC. Plaintiff sues Defendant for its TCPA violations individually, and on behalf of all others similarly situated.

5. Defendant's illegal phone calls caused Plaintiff actual, concrete harm. Plaintiff was annoyed, frustrated, distracted, and inconvenienced by Defendant's repeated harassment invading her privacy.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Florida.

9. Defendant is a New Hampshire corporation with a business address of 1750 Elm Street, Suite 1200, Manchester, NH 03104.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

11. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

12. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

    (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)    to dial such numbers.

13. In 2015, the FCC reaffirmed its long standing position on the definition of ATDS:

> Congress intended a broad definition of autodialer, and . . . the Commission has already twice addressed the issue in 2003 and 2008, stating that autodialers need only have the "capacity" to dial random and sequential numbers, rather than the "present ability" to do so. Hence, any equipment that has the requisite "capacity" is an autodialer and is therefore subject to the TCPA.

*FCC Declaratory Ruling and Order*, FCC 15-72, ¶ 15 (July 10, 2015).

14. According to the Federal Communications Commission ("FCC"), an ATDS "encompass[es] any equipment that stores telephone numbers in a database and dials them without human intervention." *Nunes v. Twitter, Inc.*, No. 14-cv-02843-VC, 2014 WL 6708465, at *1 (N.D. Cal. Nov. 26, 2014); *Fields v. Mobile Messengers Am., Inc.*, No. 12-cv-05160-WHA, 2013 WL 6774076, at *3 (N.D. Cal. Dec. 23, 2013) (concluding there were genuine disputes of material fact regarding whether messages were sent using an ATDS where plaintiffs alleged that the equipment used functioned similarly to a predictive dialer in that it received numbers from a computer database and dialed those numbers without human intervention.").

15. "Prior express consent" is required before making non-telemarketing calls. This requirement prohibits non-telemarketing communications using an automatic telephone dialing system, or an artificial or prerecorded voice, other than a call made for emergency purposes, or with the prior express consent of the called party. 47 C.F.R. § 64.1200; *see also FCC Declaratory Ruling and Order*, FCC 15-72, ¶ 98 (July 10, 2015).

## ALLEGATIONS APPLICABLE TO PLAINTIFF

16. In or around the month of March 2016, Defendant began calling Plaintiff's cellular telephone number, 860-XXX-8060, from telephone number 888-542-1146, using an automated telephone dialing system ("ATDS").

17. The phone calls placed to Plaintiff's cellular phone by Defendant were made

3

using an ATDS as defined by 47 U.S.C. § 227(a)(1) and the FCC.

18. Plaintiff uses the phone number 860-XXX-8060 strictly for emergency purposes; she did not provide express consent to Defendant to contact her at that number, nor did she ever provide Defendant with the number. Defendant obtained Plaintiff's cellular telephone number through means unknown to Plaintiff.

19. Plaintiff was greeted with silence upon answering, and would only be connected with a live representative when she began speaking; Defendant solicited Plaintiff to use its services for renting merchandise, amongst other things.

20. In response, Plaintiff explicitly requested that Defendant cease calling her, stating "this is a cell phone, leave me alone!"

21. Despite requesting the harassing phone calls cease, Plaintiff continued to received approximately ten (10) more phone calls from Defendant.

22. Plaintiff was annoyed, frustrated, distracted, and inconvenienced by Defendant's calls. The calls invaded Plaintiff's privacy. Specifically, Defendant's calls harassed Plaintiff between 8 A.M. to 9 P.M. when Plaintiff would be babysitting, working on assignments for school, and/or cooking dinner.

23. Further, the calls took over Plaintiff's personal property, her cell phone, during the time phone calls were incoming, and while Plaintiff answered them. Plaintiff's time was wasted answering Defendant's phone calls that she neither asked for, nor wanted.

24. Moreover, Defendant's calls caused Plaintiff concrete, monetary injury by depleting limited minutes on her phone plan, which is limited to 200 minutes per month. As a result, Plaintiff incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1). Additionally, Plaintiff suffered further tangible injury, as the calls depleted her cell phone

battery, and Plaintiff incurred costs for the electricity needed to re-charge her phone.

## CLASS ACTION ALLEGATIONS

A. **The Class**

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

26. Plaintiff represents, and is a member of the following class (the "Class"):

**All persons within the United States who received phone calls, from or on behalf of Defendant, to said person's cellular telephone, made through the use of any automatic telephone dialing system within four years prior to the filing of the Complaint without the required consent.**

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. **Numerosity**

28. Upon information and belief, Defendant placed phone calls to cellular telephone numbers of thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time, and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. **Common Questions of Law and Fact**

30. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant engaged in a pattern of placing non-emergency phone calls to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to place each phone call;

   c. Whether Defendant knowingly and/or willfully violated the TCPA;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed phone calls to telephone numbers assigned to cellular telephone services without prior express consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

33. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding Via Class Action is Superior and Advisable**

34. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

35. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I

## Violations of the Telephone Consumer Protection Act,

## 47 U.S.C. § 227, *et seq.*

36. Plaintiff repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

37. Plaintiff brings this claim on behalf of herself and the Class

38. Defendant placed several phone calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent; these phone calls were not made for emergency purposes.

39. Defendant has violated the TCPA, U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call for emergency purposes or made with the prior express consent of the called party) using any

7

automatic telephone dialing system or artificial or prerecorded device."

40. Each of the aforementioned phone calls by Defendant constitutes a violation of the TCPA.

41. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

43. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant violated the TCPA;
- Defendant used an autodialer; and
- Defendant placed calls to the Plaintiff and the Classes without prior express consent.

## COUNT II

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Plaintiff brings this claim on behalf of herself and the Class.

46. Defendant knowingly and/or willfully place multiple phone calls, for non-emergency purposes, to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

47. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

48. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

50. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used an ATDS to call Plaintiff and members of the Class;
- Defendant knowingly and/or willfully placed phone calls to Plaintiff and the Class, knowing it did not have their prior express consent to do so;
- Defendant willfully disregarded requests by Plaintiff and Class members to cease calling
- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as stated;

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 22, 2016

Respectfully submitted,

By:  */s/ Sergei Lemberg*
Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*